Suzanne PRUITT, Appellant,

v.

FRANKLIN FEDERAL BANCORP,
Appellee.

No. 3–91–196–CV.

Court of Appeals of Texas,
Austin.

Feb. 19, 1992.

W. Pruitt Ashworth, Burleson, Pate & Gibson, Dallas, for appellant.

Carole Wannamaker, Lara & Wannamaker, Austin, for appellee.

Before JONES, KIDD and SMITH, JJ.

JONES, Justice.

Franklin Federal Bancorp, appellee, sued Suzanne Pruitt, appellant, for deficiency balances remaining on two promissory notes after foreclosure on deeds of trust securing payment of the notes. The trial court granted summary judgment for Franklin Federal for principal, interest, and attorney's fees. Pruitt appeals, contending, among other arguments, that the summary judgment evidence regarding the amount of interest that had accrued was insufficient. We will reverse and remand.

## THE SUMMARY JUDGMENT EVIDENCE

In 1983 Pruitt borrowed $119,200 from Lockhart Savings & Loan Association and signed two "adjustable rate" promissory notes, one dated December 8, 1983, in the amount of $62,400 and one dated December 15, 1983, in the amount of $56,800. Through a series of events not relevant to this appeal, the two notes were eventually transferred to Franklin Federal. Pruitt defaulted on the notes, whereupon on May 2, 1989, Franklin Federal accelerated the maturity dates of the notes and foreclosed on the properties securing the indebtedness. For purposes of this appeal, the relevant terms of the two notes, those pertaining to interest, are identical:

2. INTEREST

Interest will be charged on that part of principal which has not been paid, beginning on the date I receive principal and continuing until the full amount of principal has been paid.

*Beginning on the date I receive principal, I will pay interest at a yearly rate of 13.25%. The interest rate I will pay will change in accordance with Section 4 of this Note.*

The interest rate required by this Section, Section 4, and Section 5 of this Note is the rate I will pay both before and after any default described in Section 9(B) of this Note.

\* \* \* \* \* \*

4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

(A) Change Dates

*The interest rate I will pay may change on January 1, 1987, and on that day of the month every thirty-six (36) months thereafter.* Each date on which my interest rate could change is called a "Change Date."

(B) The Index

*Beginning with the first Change Date, my interest rate will be based on an "Index."* The Index is the weekly average yield on United States Treasury securities adjusted to a constant maturity of three (3) years, as made available by the Federal Reserve Board. The most recent Index figure available as of 45 days before each Change Date is called the "Current Index."

If the index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of its choice.

(C) Calculation of Changes

*Before each Change Date, the Note Holder will calculate my new interest rate by adding 1.575 percentage points to the Current Index. The sum will be my new interest rate.*

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay in full the principal I am expected to owe on the Change Date in substantially equal payments by the maturity date at my new interest rate. The result of this calculation will be the new amount of my monthly payment.

(D) Effective Date of Changes

My new rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(Emphasis added.)

The summary judgment evidence consisted of: (1) an affidavit of Dianna Gordon, an officer of Franklin Federal, to which copies of the relevant notes were attached; and (2) an affidavit of Franklin Federal's attorney, which related only to attorney's fees. The only portion of Gordon's affidavit that addressed the amount of interest that had accrued on the notes was the following sentence: "In accordance with the terms of the Notes, interest has accrued and continues to accrue on the matured amount at the rate as set out therein."

## STANDARD OF REVIEW

The standards for reviewing a summary judgment are well established:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Mgt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

## DISCUSSION

In her third point of error, Pruitt asserts that Franklin Federal did not satisfy its burden of showing that there are no genuine issues of material fact regarding the amount of interest to which Franklin Federal is entitled. We agree.

■ Section 2 of the notes expressly states that the interest rate will change in accordance with the provisions of Section 4. Section 4 provides that on January 1, 1987, and every three years thereafter the interest rate will change to the "current index" plus 1.575 percent. The "current index" is based on the current yield of United States Treasury securities. The summary judgment evidence contains no information whatsoever from which to calculate what the current index was on January 1, 1987, or what the interest rate on the notes was after that date. Nor does Dianne Gordon's affidavit contain any conclusory statements about how much interest had accrued by a particular date or what the per diem accrual of interest was. In short, there is absolutely nothing in the summary judgment evidence by which the trial court could determine how much interest Franklin Federal was entitled to recover.

■ Franklin Federal cites several cases for the proposition that the nonmovant has the burden to controvert the movant's summary judgment evidence with his own evidence in order to raise a fact issue. The nonmovant has no such burden, however, unless and until the movant has met its summary judgment burden of establishing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). In this instance, Pruitt did not

have any burden to contradict Franklin Federal's motion or present evidence to "raise a fact issue," because Franklin Federal did not present sufficient evidence to warrant summary judgment in the first instance. We sustain Pruitt's third point of error.

In light of our foregoing holding, we need not address Pruitt's other points of error or Franklin Federal's cross-point.

The judgment of the trial court is reversed and the cause is remanded to that court for further proceedings.